IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

WILLIAM M. WIGGINTON, JR.,          )
                                    )
            Plaintiff,              )
                                    )
v.                                  )   Case No. CIV-08-138-KEW
                                    )
MICHAEL J. ASTRUE,                  )
Commissioner of Social              )
Security Administration,            )
                                    )
            Defendant.              )

## OPINION AND ORDER

Plaintiff William M. Wigginton, Jr. (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the finding of this Court that the Commissioner's decision should be and is REVERSED and REMANDED.

### Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ." 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social

Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C. §423(d)(2)(A). Social Security regulations implement a five-step sequential process to evaluate a disability claim. *See*, 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by

_____

Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. *See generally,* Williams v. Bowen, 844 F.2d 748, 750-51 (10th Cir. 1988).

substantial evidence; and, second, whether the correct legal standards were applied. <u>Hawkins v. Chater</u>, 113 F.3d 1162, 1164 (10th Cir. 1997)(citation omitted). The term "substantial evidence" has been interpreted by the United States Supreme Court to require "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." <u>Richardson v. Perales</u>, 402 U.S. 389, 401 (1971) (quoting <u>Consolidated Edison Co. v. NLRB</u>, 305 U.S. 197, 229 (1938)). The court may not re-weigh the evidence nor substitute its discretion for that of the agency. <u>Casias v. Secretary of Health & Human Servs.</u>, 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." <u>Universal Camera Corp. v. NLRB</u>, 340 U.S. 474, 488 (1951); *see also*, <u>Casias</u>, 933 F.2d at 800-01.

### Claimant's Background

Claimant was born on August 19, 1968 and was 39 years old at the time of the ALJ's decision. He completed his education through high school and completed three years of college. Claimant has engaged in past relevant work as an infantryman, a security guard, a computer support specialist, a computer programmer, a technical

3

support specialist, and a system administrator. Claimant alleges an inability to work beginning March 17, 2005 due to diabetes, hypothyroidism, Addison's disease, pernicious anemia, shoulder problems, migraine headaches, diabetic retinopathy, an ineffective immune system, and side effects from medication.

## Procedural History

On April 4, 2005, Claimant protectively filed for disability insurance benefits under Title II (42 U.S.C. § 401, *et seq.*) of the Social Security Act. Claimant's application for benefits was denied initially and upon reconsideration. On October 2, 2007, Claimant appeared at a hearing before ALJ Deborah Rose in McAlester, Oklahoma. By decision dated November 29, 2007, the ALJ found Claimant was not disabled at any time through the date of the decision. On February 19, 2008, the Appeals Council denied Claimant's request for review. Thus, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

## Decision of the Administrative Law Judge

The ALJ made his decision at step five of the sequential evaluation. He found Claimant retained the residual functional capacity ("RFC") to perform his past relevant work.

## Errors Alleged for Review

4

Claimant asserts the ALJ committed error requiring reversal in failing to consider the medical opinions of Claimant's treating medical provider.

## Treating Medical Provider's Opinion

On December 17, 2004, Claimant was evaluated by Dr. Niyaz Gosmanov, an endocrinologist with the Veteran's Administration in Muskogee, Oklahoma. Claimant's wife reported Claimant experienced frequent episodes of low blood sugar with a loss of consciousness and seizures. Dr. Gosmanov began treating Claimant with two different insulins. (Tr. 421-22).

Claimant had been attended by Ms. Janice E. Smallwood, a certified physician's assistant employed by the Veteran's Administration for some time. She treated Claimant in 2005 and after for his diabetes, hypoglycemia, and hyperthyroidism. (Tr. 329-30, 340-41, 346-47, 353, 355). Claimant's "poorly controlled" diabetes was also treated by Dr. Gosmanov. (Tr. 428-29, 432-33).

On April 1, 2005, Ms. Smallwood determined Claimant could no longer perform the duties required of his job due to complications from his brittle Type I diabetes and thyroid disorder. Ms. Smallwood was assisting Claimant complete his disability forms. She stated Claimant was having "major problems getting control of his diabetes." She related Claimant's long history of hypoglycemia

which resulted in comas. Ms. Smallwood also found Claimant to have a history of ketoacidosis. Claimant's conditions remained uncontrolled despite Claimant being "extremely compliant with the medical regimen." Ms. Smallwood also noted Claimant was experiencing stress at work. (Tr. 346-47).

Ms. Smallwood continued to treat Claimant throughout 2006. Claimant sought treatment for Addison's disease, depressed affect, and diabetes. (Tr. 265-66). In June of 2006, Claimant's depression improved but continued with uncontrolled diabetes. (Tr. 263-64).

In January of 2007, Claimant was attended by Ms. Smallwood. She found Claimant to have diabetes, stable Addison's disease, anemia, resolved with B-12 injections, stable depression, and hypothyroidism. (Tr. 258-59).

Ms. Smallwood again saw Claimant in August of 2007. Claimant had gained weight and maintained his conditions. (Tr. 255-56).

In his decision, the ALJ failed to mention any of the findings or treatment rendered by Ms. Smallwood. Claimant contends she constituted a medical source and her opinions should have been considered by the ALJ.

As a physician's assistant, Ms. Smallwood is not an "acceptable medical source," but rather an "other source." As

such, her opinions are considered under the precepts of Soc. Sec.

R. 06-03p, which states:

> The fact that a medical opinion is from an "acceptable medical source" is a factor that may justify giving that opinion greater weight than an opinion from a medical source who is not an "acceptable medical source" because, as we previously indicated in the preamble to our regulations . . ., "acceptable medical sources" "are the most qualified health care professionals." However, depending on the particular facts in a case, and after applying the factors for weighing opinion evidence, an opinion from a medical source who is not an "acceptable medical source" may outweigh the opinion of an "acceptable medical source," including the medical opinion of a treating source. For example, it may be appropriate to give more weight to the opinion of a medical source who is not an "acceptable medical source" if he or she has seen the individual more often than the treating source and has provided better supporting evidence and a better explanation for his or her opinion. Giving more weight to the opinion from a medical source who is not an "acceptable medical source" than to the opinion from a treating source does not conflict with the treating source rules in 20 CFR 404.1527(d)(2) and 416.927(d)(2) and SSR 96-2p, "Titles II and XVI: Giving Controlling Weight To Treating Source Medical Opinions."

The record is clear that Ms. Smallwood represented one of Claimant's primary medical caregivers for 2005 and 2006. The ALJ, by ignoring her opinions, failed to recognize this relationship. Defendant's post hoc justification for the ALJ's ignoring of Ms. Smallwood's opinions, namely that she engaged in offering opinions on matters reserved for the Commissioner, cannot now form the basis for the ALJ's deficiency. The ALJ must make the findings in his decision. Franz v. Astrue, 509 F.3d 1299, 1302 (10th Cir. 2007). On remand, the ALJ shall consider Ms. Smallwood's opinions and

treatment history and give the opinion the weight that it is due.

## Conclusion

The decision of the Commissioner is not supported by substantial evidence and the correct legal standards were not applied. Therefore, this Court finds, in accordance with the fourth sentence of 42 U.S.C. § 405(g), the ruling of the Commissioner of Social Security Administration should be and is **REVERSED and the matter REMANDED** for further proceedings consistent with this Opinion and Order.

DATED this <u>28th</u> day of September, 2009.

KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE